# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

YOUNG v. MATHERS.

Ohio Appeals, 4th Dist., Ross Co.

Decided Dec. 8, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

297. CONTRACTS—225. Charge of Court —Where only evidence of contract consists of memorandum in writing, not signed by parties, and evidence tends to prove that memorandum was supplemented by oral agreement, construction of contract is not question of law for court, but jury must determine rights of parties from all the evidence.

Error to Common Pleas.

Judgment affirmed.

Minshall & Phillips, Chillicothe, for Young.

George B. Bitzer, Chillicothe, for Mathers.

FULL TEXT.

MIDDLETON, PJ.

The defendant in error, Samuel Mathers, instituted an action in the Court of Common Pleas against the plaintiff in error, Joseph E. Young, to recover a balance of $497.57 which Mathers claimed was due him under a contract with Young whereby Mathers was to construct a residence for Young and pay for all material used therein. Mathers filed an amended petition in the trial court in which he alleged in substance that he and Young entered into a contract with each other whereby Mathers agreed to erect a house for Young which was not to cost, including material and labor, to exceed the sum of $3,500.00. He further alleged in said pleading that during the construction of said house and by the direction of Young and with Mather's consent the original plans and specifications were changed and that eventually by reason of such changes the cost of the house amounted to the sum of $3,929.82, an excess over the estimate agreed upon in the sum of $497.57. Young in answer to this amended petition denied that any changes were made except in one or two particulars which did not increase the cost of construction and denied that he was indebted to Mathers in the amount claimed by the latter in his amended petition. The case was submitted to a jury which returned a verdict in favor of Mathers for the amount he claimed in his amended petition, and this proceeding is prosecuted to reverse the judgment which followed that verdict.

The contention is made here as a ground for the reversal of said judgment that the trial court erred in its general charge to the jury in giving to the jury the following instruction:

"Now in determining this case, members of the jury, you are to ascertain what the agreement was between the parties. You will have before you these papers and specifications and plans and you will also take into consideration the verbal testimony of the witnesses, and you will use your best judgment to ascertain what the parties intended and what their real agreement was. When you have ascertained that it is then your duty to ascertain the rights of the parties and determine the rights of the parties from that agreement."

It is contended that it was the duty of the court to construe the contract between the parties and not to direct the jury to construe the contract in question. An inspection of the record discloses that while there was a memorandum in writing of the original contract such memorandum never was signed by the parties, and that by reason thereof there was not in existence any written contract to be construed. However, it seems to be conceded by both parties that the memorandum in question correctly expressed the agreement between them as originally made. But Mathers in his amended petition claims a further oral agreement whereby certain changes both in the plans of the building and in the material to be used therein was made by the parties, by reason of which the original amount agreed to be paid by Young for the erection of the building was greatly increased, and his cause of action was predicated entirely upon this increased amount which grew out of the alleged oral agreement. Now under these circumstances it was proper for the court to say to the jury that they should determine what the agreement was between the parties, not only from the papers they had before them in evidence but also from the verbal testimony of the witnesses, and from all of this to determine and ascertain what the parties intended and what their real agreement was. We see no error in this instruction. If the written terms only of the contract were under consideration the contention of the plaintiff in error would be well founded, but where there is in fact no properly executed written contract and only a memorandum thereof, and where the terms and provisions of that memorandum are claimed to have been superseded to some extent by a subsequent oral agreement, the situation thus presented was one for the consideration of the jury alone. The actual contract depends upon what the jury found the facts to be under such circumstances, and the court not being competent to determine the facts could not state to the jury what the actual contract was and what the rights of the parties were under such contract.

We see no error justifying the reversal of the judgment.

(Mauck, JJ., concurs.)